*Supreme Court of The State of New York*
*County of NEW YORK*

SUMMONS

Index No.
Date purchased   **1 2 1 0 2 4 3 5**

KELLY ANN JUNIOR, VICTORIA OZERSKAYA, ANNA SANCHEZ, JOAN STAMPER, AND ON BEHALF OF ALL HOLDERS OF ENHANCED VOUCHERS SIMILARLY SITUATED IN THE CITY OF NEW YORK,
　　　　　　　　　　Plaintiffs,

Plaintiff(s) designate(s)
New York County, New York

-against-

County as the place of trial.

THE CITY OF NEW YORK and HOUSING PRESERVATION AND DEVELOPMENT CORP.
and
HOUSING URBAN DEVELOPMENT
and
HUDSONVIEW TERRACE, INC.,
JOHN DOES and JANE DOES AS
FICTITIOUS AND YET TO BE IDENTIFIED,
　　　　　　　　　　Defendants.

The basis of the venue is
the residence of the plaintiffs

FILED
APR 18 ?
COUNTY CLERK
NEW Y[...]

Plaintiff(s) reside(s) at:
747 10th Avenue
New York, New York 10019

To the above-named Defendant(s)

　　*You are hereby summoned* to answer the complaint in this action and to serve a copy your answer, or, if the compliant is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 30 days after the service of this summo[ns] exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Robert A. Katz
Dated, April 12, 2012　　　　　　　　　　　　　　　　　　Attorney(s) for Plaintiffs

Defendant's address is:　　　　　　　　　　　　　　Office and Post Office Address
The City of New York　　　　　　　　　　　　　　　277 Broadway, Suite 1410
Office of the Corporation Counsel　　　　　　　　　New York, New York  10007
of the City of New York　　　　　　　　　　　　　Tel.: (212) 587-2400, ext. 13
New York, NY  10007
Tel: 212-788-0303

Housing Preservation and Development Corp.
100 Gold Street
New York, NY 10038
Tel.: 212-863-8686

Housing Urban Development Corp.
26 Federal Plaza
New York, NY 10278
Tel.: 212-264-8000

Hudsonview Co.
747 Tenth Avenue
New York, NY 10019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
KELLY ANN JUNIOR, VICTORIA OZERSKAYA,
ANNA SANCHEZ, JOAN STAMPER, AND ON
BEHALF OF ALL HOLDERS OF ENHANCED
VOUCHERS SIMILARLY SITUATED IN THE
CITY OF NEW YORK,

                                            Plaintiffs,

    -against-

THE CITY OF NEW YORK and HOUSING
PRESERVATION AND DEVELOPMENT CORP.,
and
HOUSING URBAN DEVELOPMENT
and
HUDSONVIEW TERRACE, INC.,
JOHN DOES and JANE DOES AS
FICTITIOUS AND YET TO BE IDENTIFIED,

                                          Defendants.
-----------------------------------------------------------------X

VERIFIED COMPLAINT

Index No.:

      The plaintiffs complaining of the defendants by their attorney, Robert A. Katz, allege as follows:

    1.    Plaintiff Kelly Ann Junior is a resident of Hudsonview Terrace at 747 10th Avenue, Apt 13G in the County of New York. Tenant, **Kelly Ann Junior** who resides in **Apt. 13G**, a one-bedroom apartment, had household income in 2010 for the amount of **$35,310.00** derived from **Apollo Management and Real Estate business.** Tenant, **Kelly Ann Junior** has been re-certified and now to pay **$2,230.00 per month** as share of rent which totals **$26,760.00 per year**. For 2012, this tenant, **Kelly Ann Junior** has been ordered to pay approximately **75%** of the 2010 annual income reported to HPD.

    2.    Plaintiff Victoria Ozerskaya is a resident of Hudsonview Terrace at 747 10th

Avenue, Apt. 12H in the County of New York. Tenant, **Victoria Ozerskaya** who resides in **Apt. 12H**, a one-bedroom apartment, had household income upon information and belief of **$9,132.00** derived from **Social Security Income.** Tenant, **Victoria Ozerskaya** has been re-certified and now to pay **$437.00 per month** as share of rent which totals **$5,244.00 per year**. For 2012, this tenant, **Victoria Ozerskaya** has been ordered to pay approximately **57%** of the 2010 annual income reported to HPD.

3. Plaintiff Anna Sanchez is a resident of Hudsonview Terrace at 747 10th Avenue, Apt. 28L in the County of New York. Tenant, **Ana Sanchez** who resides in **Apt. 28L**, a two-bedroom apartment, had household income upon information and belief of **$33,168.00** derived from **Social Security Disability Income.** Tenant, **Ana Sanchez** has been re-certified and now to pay **$1,095.00 per month** as share of rent which totals **$13,140.00 per year**. For 2012, this tenant, **Ana Sanchez** has been ordered to pay approximately **40%** of the 2010 annual income reported to HPD.

4. Plaintiff Joan Stamper is a resident of Hudsonview Terrace at 747 10th Avenue, Apt. 34B in the County of New York. Tenant, **Joan Stamper** who resides in **Apt. 34B**, a one-bedroom apartment, had household income of **$14,706.00** derived from **Social Security Income and Pension.** Tenant, **Joan Stamper** has been re-certified and now to pay **$543.00 per month** as share of rent which totals **$6,516.00 per year**. For 2012, this tenant, **Joan Stamper** has been ordered to pay approximately **44%** of the 2010 annual income reported to HPD.

5. The defendant, City of New York (hereinafter "City"), is a municipality in the sovereign State of New York and is responsible for the conduct of all municipal agencies therein created.

6.  The defendant, Department of Housing Preservation and Development Corp. (hereinafter "HPD"), is a municipal department and agent of the City of New York and has its office located in New York County. HPD is an agent of defendant HUD for purposes of administering the enhanced Section 8 voucher program.

7.  Defendant Housing Urban Development Corp. (HUD) is an agency of the federal government and it is alleged is responsible under the federal law for the administration of all Section 8 vouchers including enhanced vouchers. HUD is sued herein as the principal and supervisor of its agent HPD. HUD maintains an office in the County of New York.

8.  That plaintiffs allege that their tenancy in their respective apartments was induced per their status of low income as to the subject building and at the time of rental, the tenants relied upon the then known information to the effect that the building would remain as a Mitchell Lama at regulated rents far below market value upon information and belief for the duration of the mortgage and/or ground leasehold.

9.  That thereafter the controlling law was modified so that upon a more shortened period of time, an owner of the subsidized building was afforded the right after a certain minimum period to pay off the mortgage or government financing at which time the building would become privatized and at that point, the respective building goes to free market rent with the proviso that those tenants who remain low income may remain in the building upon enhanced vouchers with the attendant adverse consequences described in the complaint.

10. That the plaintiffs when they moved into the regulated apartments relied upon the laws and existing regulations and upon information and belief had they known that the period would have been post facto curtailed may have elected other housing or even relocated

outside of the city or state.

11. Plaintiffs have named the owner of the building in which they live as defendant Hudsonview Terrace, Inc. In addition, the caption marks Jane Does and John Does as defendants fictitious and unknown to designate other owners that could be affected by the sought for declaration. In doing so, plaintiffs allege that in no way does this intend to allege any wrongdoing against any owner and this has been done only because the declaration may affect the property rights of owners by this nature of declaration.

12. Plaintiffs have elected to file a declaratory judgment pleading rather than seeking Article 78 review. Since this pleading is filed within the four-month period required for Article 78 review, the Court will have the right to exercise discretion as to how this pleading will be treated within the authority of CPLR 103.

13. The reason that plaintiffs bring this nature of action is because plaintiffs seek to have the Court declare that defendant HPD had failed to properly construe and apply HPD regulation 24 CFR 982.555 (a) and 42 U.S.C. 1437 (f), subdivision (t)(1)(B) and that at all times relevant had there been proper application, the defendant HPD would have been obligated to provide an evidentiary, factual hearing to these plaintiffs before mandating the plaintiffs pay upon recertification a substantial increase in their portion of the rent which will upon information and belief become permanent which when paid would consume a substantially greater portion of said income.

14. It is unconscionable that the Congress would qualify 42 U.S.C. Section 1437 (f) with the statement that: "Except with a limit shall not be considered reasonable for purposes of this subparagraph if it adversely affects such assisted families", but would exempt such protective concern on enhanced vouchers.

15. That to the extent that there be such disparity of language in the legislation it obligates HPD and HUD to equitably construe the aforestated statute and regulation to require, at the minimum, a hearing where the enhanced vouchers, tenants can demonstrate hardship before having to pay any increase.

16. To the extent the defendant City and its municipal agency, HPD, declines or does not have procedures for the tenant to demonstrate such hardship, it is alleged by the plaintiffs that the conduct amounts to violation of due process of law.

17. That the alternative of portable vouchers which compels the plaintiff to leave the building to exercise, once the tenant can no longer pay his or her portion of the rent upon the new recertification is an inadequate remedy and can lead to irreparable harm because it may lead to the plaintiff having to leave the community and if the plaintiff fails to find a landlord to accept can lead to becoming homeless.

18. That there exists a justifiable controversy.

19. That the procedures followed by the defendant HPD in its application of the Federal Law deprive the plaintiff of due process of law within the provisions of the Fifth Amendment to the United States Constitution, the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 6 of the New York State Constitution in that the defendants have deprived plaintiff of effective hearing so plaintiffs have no opportunity to demonstrate the circumstances of the caused hardship.

20. That the defect in the defendant HPD proceeding is that there is no avenue before defendant HPD to explain as relevant to address unfair effect of the applied formula which upon information and belief is used no matter the consequences as to re-certification.

21. Plaintiffs allege and will ask the Court to declare, at a minimum, that the act

or omission before defendant HPD is such acts or omissions in the determination of re-certification that constitutes conduct in determination that can be found unreasonable, arbitrary and capricious and further declare and find the re-certification proceeding without an evidentiary hearing to be violative of due process of law.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiffs repeat and reallege paragraphs 1 to 21 as if set forth herein

23. That on August 19, 2003 defendant HPD by its agents made representations describing the workings of the enhanced vouchers to the tenants of the subject building.

24. The plaintiffs were told that either the tenants would pay 30% of adjusted income or the last rent before privatization would take place.

25. Plaintiffs allege these long-term plaintiff-tenants were wholly unaware nor could they comprehend that if they became unemployed, became disabled, or became senior citizens upon retirement, all of which acts upon the poor working class, could well be demonstrated and explained as inevitable consequence, such would lead to the payment by the tenant of a greater portion of their then listed income upon recertification and if they then obviously could not pay the higher portion of rent they would have to leave the building. They were also not informed that over a period of time the subsidy would erode and their portion of rent could increase.

26. Plaintiffs allege that the agent failed to properly bring this home to them.

27. Plaintiffs plead that such a scheme is unconscionable, contrary to public policy and a manifest injustice and seek remedy of reformation to the extent of the now inequity of the rental scheme.

28. Plaintiffs plead that to the extent some of the plaintiffs failed to exhaust

administrative remedy this Court should find and excuse any such requirement as futile. That the issues raised herein come down to a questions of law as to whether HPD is properly applying HUD regulations as to be read with a United States statute as detailed in paragraphs 13 to 14 of this complaint.

29. Plaintiffs allege that they have no adequate remedy at law.

30. Plaintiffs allege that without the intervention of a Court of Equity they will suffer irreparable damage.

## AS AND FOR A THIRD CAUSE OF ACTION

31. Plaintiff repeats and realleges paragraphs 1 to 30 as if set forth herein

32. That plaintiffs allege that the defendant HUD fails to properly supervise HPD relative to assuring proper construction of federal statutes and implementing HUD regulations leading to the arbitrary, unreasonable and capricious consequences suffered by the plaintiffs.

WHEREFORE plaintiffs seek on the first cause of action a declaration to the effect that defendant HPD is not properly applying the regulation of HUD because there is no hearing provided to address the harm of adverse effects upon the enhanced voucher holder in the manner of recertification. ~~As to the second cause of action plaintiffs request the Court to find that the procedure and consequence of the conduct of HPD.~~

As to the second cause of action, plaintiffs seek a declaratory finding to the effect that defendant City of New York and defendant HPD are responsible for failure to properly have informed the plaintiff tenants as to the operative consequences of the enhanced voucher at or about the time of privatization.

As to the third cause of action, plaintiffs seek a declaration to the effect that HUD has been negligent in its training and supervision of defendants HPD and the City of New York

relative to the statute and HUD regulations as afore-described.

And plaintiffs seek all further relief as this Court shall deem proper in the circumstances.

Dated:   New York, New York
         April 12, 2012

                                        Yours etc.

                                        [signature]

                                        Robert A. Katz
                                        Attorney for Plaintiffs
                                        277 Broadway, Suite 1410
                                        New York, NY  10007
                                        Tel.: 212-587-2400, x 13

To:
The City of New York
Office of the Corporation Counsel
of the City of New York
New York, NY  10007
Tel: 212-788-0303

Housing Preservation and Development Corp.
100 Gold Street
New York, NY  10038
Tel.: 212-863-8686

Housing Urban Development Corp.
26 Federal Plaza
New York, NY  10278
Tel.: 212-264-8000

Hudsonview Co.
747 Tenth Avenue
New York, NY  10019


Verification

State of New York    )
                     ) ss:
County of New York   )

Kelly Ann Junior being duly sworn deposes and says:

1. I am one of the plaintiffs in this action.

2. I have read the allegations of the complaint and do verify the truth of the allegations upon my own knowledge and swear to the truth of the allegations except as to any allegation made upon information and belief and as to such allegations I have good cause to belief such to be true.

*[signature]*
Kelly Ann Junior

Sworn to before me the 12th day
of April, 2012

*[signature]*

Notary Public   Robert A Kut[?] State of New York
Notary Public
Qualified [?] County
02KA 2046360
Term expires Dec 31, 2013

121024635

Index/Docket No.                    Year: 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:

KELLY ANN JUNIOR, VICTORIA OZERSKAYA, ANNA SANCHEZ, JOAN STAMPER, AND ON BEHALF OF ALL HOLDERS OF ENHANCED VOUCHERS SIMILARLY SITUATED IN THE CITY OF NEW YORK,

Plaintiffs,

-against-

THE CITY OF NEW YORK and HOUSING PRESERVATION AND DEVELOPMENT CORP., et al
Defendant.

SUMMONS AND COMPLAINT

ROBERT A. KATZ
Attorney at Law
Attorney for Plaintiffs
277 Broadway, Suite 1410
New York, New York 10007
(212) 587-2400, x 13

======= NOTICE OF ENTRY =======

PLEASE TAKE NOTICE that the within is a true copy of a duly entered in the Office of the Clerk of the within named Court on

Dated:
        Yours, etc.

Robert A. Katz
Attorney at Law
Attorney for Plaintiffs
277 Broadway, Suite 1410
New York, New York 10007
(212) 587-2400, x 13

To:

====== NOTICE OF SETTLEMENT ======

PLEASE TAKE NOTICE that an order of which the within is a true copy will be presented for settlement to the Hon.                             , one of the judges of the within named Court, at
on the         day of              20
at                       M.

Dated        Yours, etc.

Robert A. Katz
Attorney at Law
Attorney for Plaintiffs
277 Broadway, Suite 1410
New York, New York 10007
(212) 587-2400, x 13

To
Attorney for

Pursuant to 11 N.Y.C.R.R. § 130-1.1a, undersigned, an attorney duly admitted to practice law before the Courts of the State of New York, certifies that, upon information and belief formed after reasonable inquiry under the circumstances, the contents of the annexed document(s) are not frivolous.

Dated: New York, New York
       April/13  2 0/12
       _____
       By: ROBERT A. KATZ

To:
Attorney for:

Service of a copy of the within
                                      is hereby admitted

Dated,

Attorney for